IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AUTOMOTIVE FINANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 05-0189-BH-C |
| GOENS AUTOMOTIVE, LLC; ROBERT RAYMOND GOENS, III; JBC, LLC; JACK LYNN BLACKMON; and JACK LYNN BLACKMON, JR., | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

This action is before the Court on plaintiff's motions for summary judgment (Doc. 63) and to strike (Doc. 68) the affidavits filed by Jack Lynn Blackmon and Jack Lynn Blackmon, Jr., defendants herein, in opposition to plaintiff's motion for summary judgment (Doc. 66).  The Court readily understands plaintiff's desire to have the aforementioned affidavits stricken from this record as they contradict plaintiff's contention that Jack Lynn Blackmon, Sr. "executed an Unconditional and Continuing Guaranty (the "Blackmon Guaranty") by which he promised to perform the obligations under the floor plan financing agreement executed by JBC, LLC."  The mere fact that this affidavit testimony is contradicted by Roger Teate, plaintiff's employee and the notary on the subject document, is not a valid ground to strike the affidavits.  Nor is the

Counterclaim asserted by JBC, LLC and the individual Blackmon defendants[1] sufficient grounds.  Consequently, it is **ORDERED** that plaintiff's motion to strike the Blackmon affidavits be and is hereby **DENIED.**  It is **FURTHER ORDERED** that, in view of the material issues of fact existing in this case, plaintiff's motion for summary judgment be and is hereby also **DENIED.**

**DONE** this 30th day of May, 2007.

                                                       s/ W. B. Hand
                                                   SENIOR DISTRICT JUDGE

---

[1] The Counterclaim does not on its face relate to the enforceability of the "Blackmon Guaranty" but, instead, to plaintiff's alleged conduct of "allowing and/or conspiring with Co-defendants Goens Automotive, LLC and/or Robert Raymond Goens, III, (hereinafter referred to collectively as "Goens"), to purchase vehicles on JBC's floor plan account without JBC's knowledge or permission, following which Plaintiff collected from JBC, LLC curtailment fees on the vehicles obtained by Goens on JBC's floor plan account."  Counterclaim at ¶ 1. The Counterclaim further alleges that, as a result of this breach of contract, "Defendant JBC, LLC was caused to suffer loss of income, lost profits, loss of availability of credit under its floor plan line of credit with Plaintiff, and ultimately resulted in the total loss of Defendant's automobile dealership." *Id.* at ¶ 3.  The testimony that Jack Lynn Blackmon, Jr. Forged his father's name on the "Blackmon Guaranty" is not contradicted by this Counterclaim.